**LING YANG, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 07–73521.

United States Court of Appeals, Ninth Circuit.

Submitted May 25, 2010.*

Filed June 2, 2010.

Gary J. Yerman, Esquire, Law Office of Gary J. Yerman, New York, NY, for Petitioner.

OIL, W. Daniel Shieh, Esquire, U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

### MEMORANDUM **

Ling Yang, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen removal proceedings held in absentia. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003), and we deny the petition for review.

The BIA did not abuse its discretion in denying Yang's motion to reopen as untimely where the motion was filed more than three years after the immigration judge's removal order became final. *See* 8 C.F.R. § 1003.3(c). Yang failed to establish the due diligence required to warrant tolling of the motions deadline, *see Iturribarria*, 321 F.3d at 897, and the documentary evidence she submitted was insufficient to establish a material change in enforcement of China's one-child policy against similarly situated individuals, *see Feng Gui Lin v. Holder*, 588 F.3d 981, 986 (9th Cir.2009).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

